IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ELLIS ANDERSON                                              PLAINTIFF

VS.                            CIVIL ACTION NO. 5:18-cv-7(DCB)(MTP)

B & G BACKHOE, INC.,
and OTIS PARNELL                                           DEFENDANTS

ORDER

This cause is before the Court sua sponte to address the issue of subject matter jurisdiction. The Court previously entered an Order (docket entry 13) finding that the total amount of compensatory damages claimed by the plaintiff is $12,740.00, and that the defendants have not presented any summary judgment type evidence in support of this Court's exercise of federal diversity jurisdiction. The Court further found that it is not facially apparent from the plaintiff's Complaint that the amount in controversy exceeds $75,000, exclusive of interest and costs.

The court allowed the plaintiff to file an affidavit limiting his recovery in this action to $75,000, exclusive of interest and costs. Instead, the plaintiff's attorney filed an affidavit on behalf of his client, stating "I agree to limiting the recovery of [Ellis Anderson's] case to $75,000, exclusive of interest and costs." (Docket entry 14).

The plaintiff did not file an affidavit as directed by the Court. "[S]tatements of counsel do not constitute competent summary judgment evidence." See Roberts v. Walthall County General Hosp.,

96 F.Supp.2d 559, 561 (S.D. Miss. 2000). A stipulation signed by the plaintiff, and not his counsel, regarding the amount in controversy, would constitute competent evidence and should resolve any question that might arise as to the binding effect of the stipulation in subsequent proceedings. Cf. Boyd v. Dolgencorp, Inc., No. 5:12-cv-48, 2012 WL 3779952, at *3 (S.D. Miss. Aug. 31, 2012)(finding that an affidavit executed by the plaintiff's counsel could not bind the plaintiff, "who can circumvent the affidavit's intended effect by finding another attorney to amend the complaint").

The Court therefore finds that it will allow the plaintiff fourteen (14) days to file an affidavit with this Court establishing that the amount in controversy does not exceed $75,000. The plaintiff's affidavit, to be effective, must state without qualifiers or equivocation that he is not seeking an amount greater than $75,000, exclusive of interest and costs; and that he will not amend his complaint to seek damages in excess of $75,000, exclusive of interest and costs, for damages of any kind as a result of the circumstances alleged in the Complaint.

Accordingly,

IT IS HEREBY ORDERED that the plaintiff has fourteen (14) days from the date of entry of this Order to file an affidavit with the Court limiting his recovery in this action to $75,000, exclusive of interest and costs. The Court will remand this action to the

Circuit Court of Pike County, Mississippi, if the plaintiff files such an affidavit.

SO ORDERED, this the 31st day of May, 2018.

/s/ David Bramlette<br>UNITED STATES DISTRICT JUDGE