IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ELLIS ANDERSON                                              PLAINTIFF

VS.                              CIVIL ACTION NO. 5:18-cv-7(DCB)(MTP)

B & G BACKHOE, INC.,
and OTIS PARNELL                                           DEFENDANTS

ORDER

This cause is before the Court sua sponte to address the issue of subject matter jurisdiction. The Court previously entered an Order (docket entry 13) finding that the total amount of compensatory damages claimed by the plaintiff is $12,740.00, and that the defendants have not presented summary judgment type evidence in support of this Court's exercise of federal diversity jurisdiction. The Court further found that it is not facially apparent from the plaintiff's Complaint that the amount in controversy exceeds $75,000, exclusive of interest and costs.

The Court allowed the plaintiff to file an affidavit limiting his recovery in this action to $75,000, exclusive of interest and costs. Instead, the plaintiff's attorney filed an affidavit on behalf of his client, stating "I agree to limiting the recovery of [Ellis Anderson's] case to $75,000, exclusive of interest and costs." (Docket entry 14).

The plaintiff did not file an affidavit as directed by the Court. "[S]tatements of counsel do not constitute competent summary judgment evidence." See Roberts v. Walthall County General Hosp.,

96 F.Supp.2d 559, 561 (S.D. Miss. 2000). A stipulation signed by the plaintiff, and not his counsel, regarding the amount in controversy would constitute competent evidence and should resolve any question that might arise as to the binding effect of the stipulation in subsequent proceedings. Cf. Boyd v. Dolgencorp, Inc., No. 5:12-cv-48, 2012 WL 3779952, at *3 (S.D. Miss. Aug. 31, 2012)(finding that an affidavit executed by the plaintiff's counsel could not bind the plaintiff, "who can circumvent the affidavit's intended effect by finding another attorney to amend the complaint").

Therefore, the Court, in an Order of May 5, 2018 (docket entry 15), allowed the plaintiff fourteen (14) days to file an affidavit with this Court establishing that the amount in controversy does not exceed $75,000. Such affidavit, to be effective, must state without qualifiers or equivocation that the plaintiff is not seeking an amount greater than $75,000, exclusive of interest and costs; and that he will not amend his complaint to seek damages in excess of $75,000, exclusive of interest and costs, for damages of any kind as a result of the circumstances alleged in the Complaint.

As of the date of the present Order, the plaintiff has not complied with the previous Order of the Court, and has not filed any affidavit or proof establishing whether or not the amount in controversy exceeds $75,000.00.

In order for the defendants to keep this case in federal court,

they must prove by a preponderance of the evidence that the amount in controversy is met. See De Aguilar v. Boeing Co., 11 F.3d 55, 58 (5th Cir. 1993). The defendants may carry this burden in two ways. See Scarlott v. Nissan North Am., Inc., 771 F.3d 883, 888 (5th Cir. 2014). The defendants may point to the plaintiff's state court complaint and contend that the amount in controversy is "facially apparent" from its four corners. See Manguno v. Prudential Prop. and Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). Or the defendants may offer summary-judgment-type evidence showing that the amount in controversy exceeds the jurisdictional minimum. Id. at 723.

The defendants, in their Notice of Removal, point to the plaintiff's demand for judgment in which he contends that he

> a. suffered serious, painful and permanent bodily injuries, great physical pain and mental anguish, severe and substantial emotional distress, loss of the capacity for the enjoyment of life;
>
> b. was, is and will be required to undergo medical treatment and to incur medical costs and expenses in order to alleviate injuries, pain and suffering;
>
> c. was, is and will be precluded from engaging in normal activities and pursuits, including a loss of ability to earn money and of action [sic] earnings;
>
> All of the Plaintiff's losses were, are and will be due solely to and by reason of the carelessness and negligence of the Defendants, without any negligence or want of due care on the Plaintiff's part contributing thereto. The Plaintiff sustained damage to his vehicle, received serious, painful, disabling and permanent bodily injuries which required him to incur or become liable for certain medical and other expenses, and he sustained an impairment in his earning capacity.

State Court Complaint (docket entry 1-1, pp.3-4). Nevertheless, the only evidence of damages in this case reveals a total of $12,740.00. Therefore, the Court will allow the plaintiff (not his counsel) fourteen (14) days to file an affidavit limiting his recovery in this action to $75,000, exclusive of interest and costs. The Court will remand this action to the Circuit Court of Pike County, Mississippi, if the plaintiff files such an affidavit.

If the plaintiff fails to file such an affidavit within the time allowed, the Court will order the parties to conduct remand-related discovery in this case.

Accordingly,

IT IS HEREBY ORDERED tha the plaintiff has fourteen (14) days from the date of entry of this Order to file an affidavit with the Court limiting his recovery in this action to $75,000, exclusive of interest and costs. The Court will remand this action to the Circuit Court of Pike County, Mississippi, if the plaintiff files such an affidavit. If the plaintiff fails to file such an affidavit within the time allowed, the Court will order the parties to conduct remand-related discovery in this case.

SO ORDERED, this the 1st day of August, 2018.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE